IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MICHAEL MENLEY,

    PLAINTIFF,

v.                                                                   CASE NO.: CV-07-J-1498-NE

C.P. ALLEN CONSTRUCTION,
INC., d/b/a ABC CUTTING
CONTRACTORS,

    DEFENDANT.

## MEMORANDUM OPINION and ORDER

This case is before the court on the defendants' notice of removal (doc. 1), which the court has considered *sua sponte*. The plaintiff filed suit in the Circuit Court of Limestone County, Alabama, seeking benefits under the workmen's compensation law of Alabama. Specifically, the plaintiff alleges that the defendants have failed and/or refused to provide reasonable and necessary medical treatment. Complaint, ¶ 2. The plaintiff states claims for outrage and contempt for the defendant's failure to authorize medical treatment and failure to provide reasonable and necessary medical treatment in accordance with the settlement and Order of the Court of June 20, 2003, in case number CV 02-423, which specifically state that future medical benefits would remain open. Complaint, ¶ 1.

Defendants filed a notice of removal asserting this court has diversity

jurisdiction pursuant to 28 U.S.C. § 1332 by merely asserting that "the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs."  Notice of Removal, ¶ 4.

Even before the court can reach the issue of whether the defendant has met its burden to establish that the amount in controversy requirement for this court to exercise jurisdiction has been met, the court considers whether this case, clearly arising out of the state workmen's compensation laws, is even removable.  Pursuant to 28 U.S.C. § 1445(c), a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

Section 25-5-77(a), *Alabama Code 1975*, as amended, states mandatorily "all cases of dispute as to the necessity and value of the services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation."  The court finds that, even assuming that the Circuit Court Order is capable of being the subject of a wholly separate lawsuit, the current claim is actually a dispute over the provision and necessity of medical services as outlined in § 25-5-77(a) of the Alabama Code.  The Alabama Workers' Compensation Act requires the provision of future medical benefits.  *See e.g., Robbins Tire and Rubber Co. v. Byrd*, 659 So.2d 672, 674 (Ala.Civ.App.1995).

Having considered the foregoing, the court is of the opinion that this case is a dispute as to the necessity of continuing medical treatment for the plaintiff pursuant to an on-the-job injury clearly covered by the Alabama workmen's compensation statute. This case is within the definition of non-removable actions under 28 U.S.C. § 1445. *See e.g., New v. Sports & Recreation, Inc.*, 947 F.Supp. 453, 456 (S.D.Ala.1996) ("section 1445(c) was meant to bar removal of the whole realm of cases relating to workers' compensation").

The court finding that this case was improvidently removed;

It is **ORDERED** by the court that the plaintiff's complaint be and hereby is **REMANDED** to the Circuit Court of Limestone County, Alabama.

**DONE** and **ORDERED** this the 20th day of August, 2007.

*/s/ Inge Prytz Johnson*
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE